United States Bankruptcy Court
Central District of California

In re:                                                                                    Case No. 19-16516-NB
Satinderjit Singh Chadha                                                                  Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0973-2        User: admin            Page 1 of 1            Date Rcvd: Aug 14, 2019
                            Form ID: pdf042        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 16, 2019.
db              +Satinderjit Singh Chadha,    840 Meadowpass Road,    Walnut, CA 91789-1955

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                  TOTAL: 0

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 16, 2019                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 14, 2019 at the address(es) listed below:
      Kathy A Dockery (TR)    EFiling@LATrustee.com
      Robert P Zahradka    on behalf of Creditor    JPMorgan Chase Bank, National Association
       caecf@tblaw.com
      United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
                                                                                                                                         TOTAL: 3

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>TIFFANY & BOSCO, P.A.<br>MEGAN E. LEES, ESQ. (SBN 277805)<br>mel@tblaw.com<br>ROBERT P. ZAHRADKA, ESQ. (SBN 272806)<br>rpz@tblaw.com<br>1455 Frazee Road, Suite 820<br>San Diego, CA 92108<br>Tel.: (619) 501-3503<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>AUG 14 2019<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** milano    **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION** ||
| In re:<br><br>Satinderjit Singh Chadha aka Sat Chadha,<br><br><br><br><br><br><br><br><br>Debtor. | CASE NO.: 2:19-bk-16516-NB<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)**<br><br>DATE: August 6, 2019<br>TIME: 10:00 a.m.<br>COURTROOM: 1545<br>PLACE: 255 East Temple Street, Los Angeles, CA 90012 |
| **Movant:** JPMorgan Chase Bank, National Association ||

1. The Motion was:   ☒ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address:*         840 Meadow Pass Road
   *Unit/suite number:*
   *City, state, zip code:*   Walnut, California 91789

   Legal description or document recording number (including county of recording):

   20072238202, Los Angeles County, California

   ☐ See attached page.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                              Page 1                                      **F 4001-1.RFS.RP.ORDER**

3. The Motion is granted under:

    a. ☒ 11 U.S.C. § 362(d)(1)

    b. ☐ 11 U.S.C. § 362(d)(2)

    c. ☐ 11 U.S.C. § 362(d)(3)

    d. ☒ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1) ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

        (2) ☒ Multiple bankruptcy cases affecting the Property.

        (3) ☒ <u>The court</u>  ☒ <u>makes</u>  ☐ does not make  ☐ cannot make a finding that the Debtor was involved in this scheme.

        (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b. ☐ Modified or conditioned as set forth in Exhibit ___ to this order.

    c. ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) ___.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☒ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☒ <u>The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.</u>

10. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                        Page 2                                        **F 4001-1.RFS.RP.ORDER**

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ~~☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:~~

    (a) ~~☐ without further notice.~~

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ~~☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be~~

    (a) ☐ without further notice.

    (b) ~~☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.~~

18. ☒ Other (*specify*): <u>This Court's tentative ruling from 7/9/9 is attached hereto as Exhibit A and incorporated by reference as this Court's final ruling.</u>

###

Date: August 14, 2019

_____
Neil W. Bason
United States Bankruptcy Judge

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 3                                F 4001-1.RFS.RP.ORDER

# EXHIBIT A

**Tentative Ruling for 7/9/19:**
Grant as provided below. <u>Appearances are not required</u>.

*Proposed order:* Movant is directed to lodge a proposed order via LOU within 7 days after the hearing date, and attach a copy of this tentative ruling, thereby incorporating it as this Court's final ruling, subject to any changes ordered at the hearing.  *See* LBR 9021-1(b)(1)(B).

<u>The automatic stay does not apply</u>
 This case has been dismissed, which terminates the automatic stay.  *See* 11 U.S.C. 349(b)(3) & 362(c).
In the alternative and in addition, this court grants relief from the automatic stay as follows.

<u>Movant has Standing to Seek Relief from Stay.</u>
Debtor attaches several letters in her opposition, which allege that Movant does not have standing to foreclose because the original mortgagor, Washington Mutual Bank, FA ("WAMU") allegedly sold the deed of trust and the note prior to being taken over by the FDIC.  *See* dkt. 20 (amending dkt.19).  Debtor bases this supposition on the fact that an officer of WAMU endorsed the promissory note in blank.  *See* dkt. 20 at PDF pp.5-6,19&66; dkt.19 at PDF pp.3&13; *and* dkt. 13, Ex.1, p.5.
It is true that the motion papers do not assert that Movant has possession of the promissory note (*see* dkt. 13 at p.11), but Movant has provided evidence that it is an assignee of the deed of trust.  Dkt. 13, ex. 3 at PDF p. 30-31.  That is sufficient for purposes of a motion for relief from the automatic stay.  *See In re Gallagher*, 2012 WL 2900477 (Bankr. C.D. Cal.) (following *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011)); *In re Dahl* (Case No. 2:11-bk-11028-NB), Memorandum Decision (dkt. 75) at 2 n. 1.

<u>Termination</u>
Terminate the automatic stay under 11 U.S.C. 362(d)(1) and (d)(4).
To the extent, if any, that the motion seeks to terminate the automatic stay in *other* past or pending bankruptcy cases, such relief is denied on the present record.  *Compare In re Ervin* (Case No. 14-bk-18204-NB, docket no. 311) (different procedure required for such relief).

<u>Relief notwithstanding *future* bankruptcy cases</u>.
Grant the following relief pursuant to 11 U.S.C. 362(d)(4) and the legal analysis in *In re Vazquez*, 580 B.R. 526 (Bankr. C.D. Cal. 2017), and/or *In re Choong* (case no. 2:14-bk-28378-NB, docket no. 31), as applicable:
> If this order is duly recorded in compliance with applicable State laws governing notices of interests or liens in the property at issue, then no automatic stay shall apply to such property in any bankruptcy case purporting to affect such property and filed within two years after the date of entry of this order, unless otherwise ordered by the court presiding over that bankruptcy case.
> For the avoidance of doubt, any acts by the movant to obtain exclusive possession of such property shall not be stayed, including any eviction actions, through and including any lockout or other enforcement by the Sheriff or other authorized legal authority.

Note: Per Judge Bason's posted procedures (available at www.cacb.uscourts.gov) this Court's order will state that the Court "does not make" a finding that Debtor was involved in the "scheme"

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                                 Page 4                                                       **F 4001-1.RFS.RP.ORDER**

referenced in section 362(d)(4), unless there is sufficient evidence that Debtor was involved <u>and</u> Debtor is given clear notice that the movant seeks an express finding that Debtor was involved.  The tentative ruling in this particular case is that there <u>is</u> sufficient evidence and notice.

<u>Effective date of relief</u>
    Grant the request to waive the 14-day stay provided by FRBP 4001(a)(3).

<u>Co-debtor stay</u>
    Any co-debtor stay (11 U.S.C. 1301(c)) has not been shown to have any basis for any different treatment from the stay under 11 U.S.C. 362(a), so the tentative ruling is to grant the identical relief regarding any co-debtor stay.

If appearances are <u>not</u> required at the start of this tentative ruling but you wish to dispute the tentative ruling, or for further explanation of "appearances required/are not required," please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings."  If appearances <u>are</u> required, and you fail to appear without adequately resolving this matter by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 5    **F 4001-1.RFS.RP.ORDER**